UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SAMANTHA LATRAILLE,  Case No. 17-CV-4207 (DSD/SER)

Plaintiff,

v.  REPORT AND RECOMMENDATION

OWNER OF THE CITY OF ST. PAUL, MN,

Defendant.

---

Plaintiff Samantha Latraille applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is before the Court and must be considered before any other action may be taken in this matter.

After review of that IFP application, this Court concludes that Latraille qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to

1

relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. tlineIqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Latraille's allegations are serious, though somewhat vague. She claims that she has been extorted, slandered, raped, and physically assaulted in the City of St. Paul over a period of several years and that "police haven't done anything but take me to psych ward hospitals." Compl. at 4. Based on those allegations, Latraille seeks to bring federal claims against the 'Owner of the City of St. Paul."

The only *specific* federal cause of action gestured towards by Latraille is for relief under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.[1] *See* Compl. at 3 (alleging that federal-question jurisdiction exists because the claim is for "extortion, fraud, raqueering [sic], organized."). As pleaded, however, Latraille's RICO claim is not viable. First, "[a] RICO claim must be pleaded with particularity under Rule 9(b)" of the Federal Rules of Civil Procedure. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011). None of the allegations of predicate RICO offenses found in the complaint are stated with sufficient particularity to clear the Rule 9(b) standard. *See Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (noting that under Rule 9(b), "the complaint must plead the who, what, where, when, and how of the alleged fraud." (quotation omitted)). Second, a plaintiff cannot plead a RICO offense without first pleading the existence of a RICO *enterprise*. *See* 18

---

[1] Latraille also obliquely mentions that her "civil rights" have been violated. To the extent that her complaint references claims brought pursuant to 42 U.S.C. § 1983, those claims fail on the grounds that she has not alleged how the defendant named to this action, himself or herself, was directly responsible for, or was personally involved in, the events at issue. *See, e.g.*, *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999).

U.S.C. § 1962(c), *Crest Constr. II*, 660 F.3d at 354-55. No such enterprise is alleged in the complaint. The RICO claim must therefore be dismissed. Because repleading of the complaint would not necessarily be futile, it is recommended that the claim be dismissed without prejudice.

The remaining claims suggested by the complaint — which includes allegations of slander, invasion of privacy, and physical assault — each arise under state law. Latraille does not allege that the parties are of diverse citizenship, *see* 28 U.S.C. § 1332, and thus this Court has jurisdiction over those claims only to the extent that supplemental jurisdiction is exercised, *see* 28 U.S.C. § 1367. The Eighth Circuit has made clear that when all federal claims in a complaint have been dismissed before trial (as this Court has recommended), the court should decline to exercise supplemental jurisdiction over any remaining state-law claims. *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). Accordingly, it is also recommended that any state-law claims be dismissed without prejudice as well.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE.

2. Plaintiff Samantha Latraille's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Dated: October 20, 2017                         s/ *Steven E. Rau*
                                                Steven E. Rau
                                                U.S. Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).